## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SHIXUAN LUO

_____

Write the full name of each plaintiff.

-against-

AIK RENOVATION INC.
STEVE NEJASMIC
MICHAEL RENOSIS

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

**23 CV 5878**

_____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☒ Yes      ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.     PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Shixuan | | Luo |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 1762 1st Ave. Apt. 2R | | |
|---|---|---|
| Street Address | | |

| New York | NY | 10128 |
|---|---|---|
| County, City | State | Zip Code |

| 224-616-7530 | rollsjefferson@yahoo.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:     AIK RENOVATION INC.
Name
35-43 37th St.,
Address where defendant may be served

| Queens | NY | 11101 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:     STEVE NEJASMIC
Name
35-43 37th St.
Address where defendant may be served

| Queens | NY | 11101 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

## MICHAEL RENOSIS
Name

## 35-43 37th St.
Address where defendant may be served

| Queens | NY | 11101 |
|---|---|---|
| County, City | State | Zip Code |

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

## Project worksite
Name

## 641 5th Ave. Apt. 23G
Address

| New York | NY | 10022 |
|---|---|---|
| County, City | State | Zip Code |

## III.   CAUSE OF ACTION

### A.   Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒   race: _____

☐   color: _____

☐   religion: _____

☐   sex: _____

☒   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

Fair Labor Standards Act (FLSA), the New York State Labor Law (NYLL), the Wage Theft Protection Act (WTRA), and Other Local Administrative Regulations

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☒  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of
similar employees

☒  retaliated against me

☒  harassed me or created a hostile work environment

☒  other (specify):  unpaid salary

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See ~~attached complaint~~ Exhibit A

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

  ☒ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? 01/12/2023

  ☐ No

Have you received a Notice of Right to Sue from the EEOC?

  ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? 04/12/2023

    When did you receive the Notice? 04/12/2023

  ☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

  ☐ direct the defendant to hire me

  ☐ direct the defendant to re-employ me

  ☐ direct the defendant to promote me

  ☐ direct the defendant to reasonably accommodate my religion

  ☐ direct the defendant to reasonably accommodate my disability

  ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

See ~~attiched Complaint~~ Exhibit A

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 07/09/2023 | |
| Dated | Plaintiff's Signature |
| Shixuan | Luo |
| First Name          Middle Initial | Last Name |
| 1762 1st Ave. | |
| Street Address | |
| NewYork | NY          10128 |
| County, City | State          Zip Code |
| (224)616-7530 | rollsjefferson@yahoo.com |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Exhibit A

S.L.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

SHIXUAN LUO

                                    Plaintiff,                    COMPLAINT

              -against-

AIK RENOVATION INC.
STEVE NEJASMIC
MICHAEL RENOSIS

                                    Defendant.

-------------------------------------------------------------------

Plaintiff, Shixuan Luo, brings this complaint against the Defendants, AIK Renovation Inc. (AIK), Steve Nejasmic, Michael Renosis, and alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff as a former employee, alleging violations of Title VII of the Civil Rights Act of 1964 (Title VII), of the New York State Human Rights Law (NYSHRL), and of the New York City Human Rights Law (NYCHRL), and other Federal laws and New York State and City laws, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully committed race and national origin discrimination towards Plaintiff while he was employed by AIK.

3. Upon information and belief, Defendant AIK unlawfully failed to pay Plaintiff the salary of the last week before he was laid off from AIK.

## THE PARTIES

4. Plaintiff, Shixuan Luo, is an Asian male of Chinese national origin. He was employed as a project manager at AIK Renovation Inc. from May 30, 2022 through July 9, 2022. He was a competent manager, had good attendance, and fulfilled his duties faithfully.

1

5. Upon information and belief, Defendant, AIK Renovation Inc. is a domestic construction business corporation organized under the laws of the State of New York, and located at 35-43 37th St., Long Island City, Queens, NY 11101 with around 30 full-time employees. The owner and the majority of the managers are white Eastern-European immigrants or their descendants, and a majority of the laborers are Latino.

6. Upon information and belief, Defendant Steve Nejasmic is the owner of AIK Renovation Inc., exercises substantial control over all company's projects and makes direct employment decisions in AIK.

7. Upon information and belief, Defendant Michael Renosis is a senior project manager at AIK Renovation Inc. and was the direct supervisor of Plaintiff.

## JURISDICTION AND VENUE

8. This Court has original federal jurisdiction over this controversy pursuant to Title VII of the Civil Rights Act of 1964 (Title VII) and has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

9. This Court has personal jurisdiction over the Defendants because they are citizens and residents of the State of New York who are domiciled in and conduct business in the State of New York.

10. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c), because the Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## MATERIAL FACTUAL ALLEGATIONS

11. Plaintiff began his job as a project manager with AIK on May 30, 2022. At the time and during the entire employment period at AIK which ended on July 9, 2022, Plaintiff did

2

not see anyone of Asian or Chinese descent or nationality working as a manager or worker at AIK.

12. Plaintiff was assigned a worksite located at 641 5th Ave., Apt. 23G, New York, NY 10022. His job was under the supervision of Defendant Michael Renosis, a senior project manager of AIK, to whom Plaintiff needed to report. Michael Renosis was present at times to check the worksite and was also assigned to different worksites.

13. Plaintiff worked diligently during his employment. He fulfilled his job responsibilities every day, obeyed all the immediate demands of the job, and wrote daily and weekly reports about the project's progress and its issues after the end of work hours, even late into the night.

14. However, Plaintiff felt unwelcome from the beginning. His requests for supplies were ignored. He was told by Defendant Michael Renosis not to directly call or text the owner of AIK, Steve Nejasmic—and to only email him, knowing that Steve did not habitually check his email. Plaintiff was prevented from obtaining the email or phone number of the project architect, project owner, and the building manager when Plaintiff needed to discuss some issues, even though he requested them multiple times. When weekly or biweekly construction meetings with the owner, architect, and building manager were held and issues at Plaintiff's worksite were being discussed, Defendant Michael Renosis intentionally blocked Plaintiff from attending, directing him to a different worksite.

15. On June 3, 2022, Plaintiff was permitted to look for new workers due to a shortage of labor. When Plaintiff brought a Chinese worker, Jiangle Chi, who is a carpenter with foreman skill, to a job interview on the site per instructions from the owner Steve Nejasmic, Michael Renosis ignored his presence for one and a half hours and refused to give a job interview to the Chinese worker. Even worse, Michael Renosis belittled the worker for his Chinese national origin by saying, "Who can f***ing compete with the f***ing Chinese!" when Plaintiff tried to persuade him to conduct the interview. Eventually the Chinese worker did not get any opportunity to get a job. From then on,

3

Plaintiff realized how the leaders of AIK saw Chinese people, but in order to continue his employment, he had no other recourse but to work even harder.

16. In the meantime, Plaintiff strongly felt the discriminatory culture of AIK. He witnessed at least two scenarios in the weekly managers' meeting: the leaders of AIK, including the owner, Defendant Steve Nejasmic, the Field Operation Manager of AIK, Wojciech Burdzy, and Defendant Michael Renosis, made vile and racially motivated jokes about two newly laid-off workers regarding their appearance. One of the workers was the only Black person Plaintiff had ever seen at AIK and the other seemed to be disabled, and was the only disabled person Plaintiff had ever seen in AIK. Both workers had belonged to the Plaintiff's work site. The group of leaders at AIK laughed and enjoyed the jokes.

17. Plaintiff heard from a worker in his worksite that a leader at AIK referred to Plaintiff as "Sino," a racial slur, behind his back instead of his preferred name, Jeff. Plaintiff also heard the N-word slur several times in reference to Black people. It was typical behavior in the work environment and was not censured by any leader at AIK. Plaintiff did not hear or see any policy or training about discrimination from AIK.

18. Although Plaintiff strove to keep his job by working hard, accepting every inconvenience, not making trouble, and keeping the project going by distributing his personal N95 masks, as wells as gloves and tools to supply the workers' deficient supplies in doing demolition, moving, housekeeping, and framing, it was not enough. Plaintiff repeatedly asked in oral and written communication for personal health and safety supplies, as well as necessary tools, materials, and labor, which were always insufficient at the worksite.

19. Plaintiff did make complaints about several unreasonably disorganized deliveries, in which two injuries occurred on his assigned worksite—one was of a worker and the other of the Plaintiff himself. Once, a substantially full truck of construction materials unnecessary to Plaintiff's project was delivered to his worksite when he was the only person present. The materials were for other, unrelated projects, but Plaintiff was forced

4

to unload the truck without proper safety equipment, getting injured in the process. The other time, a worker was injured during delivery because of the lack of qualified safety protection equipment.

20. Plaintiff asked for the safety protection equipment by email and oral report when the demolition workers used cutting tools with missing components and did not have qualified gloves and goggles. However, those requested items were delayed, unsafely downgraded in quality, or the request was ignored and provoked a more hostile attitude from management. Plaintiff experienced several instances of nasal bleeding and difficulty breathing because of dust and potentially toxic airborne particles generated in the course of the demolition work.

21. On July 5, Plaintiff was temporarily assigned a different worksite at the location where Defendant Michael Renosis was manager. Unfortunately, a worker in the worksite was injured, and Plaintiff took a picture of the worker's injury. Shortly after he took the picture, Plaintiff received a call from the owner Steve Nejasmic, who was displeased and directly asked why he took the picture.

22. On the morning of July 7, 2022, Plaintiff was called to the office of AIK in Long Island City where the owner Steve Nejasmic met him, blamed him for several issues in the project, and informed him that he would be replaced by a white person of non-Chinese nationality, whom Plaintiff met two days ago. The owner Steve Nejasmic gave Plaintiff two weeks to look for a new job and did not consider the defense Plaintiff provided.

23. However, on the morning of Saturday, July 9, Plaintiff was informed by the owner Steve Nejasmic that he was fired immediately, which breached his promise of a two-week termination notice period.

24. In fact, Plaintiff was refused his salary for the last complete week of his employment, the period from July 4 to July 8, 2022, even after he inquired to AIK for the payment.

5

Moreover, he did not receive the Final Check as required by the State and City employment regulations.

25. Plaintiff suffered nightmares, sleeplessness, humiliation, and other mental distress during and after the employment period.

## AS FOR A FIRST CAUSE OF ACTION
### [Race and National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964 Brought by Plaintiff Against Defendant AIK]

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

27. Title VII of the Civil Rights Act of 1964 protects individuals against employment discrimination on the basis of race, color as well as national origin, sex, or religion, and also prohibits employment decisions based on stereotypes and assumptions about abilities, traits, or the performance of individuals of certain racial groups.

28. The aforesaid discriminatory statements, acts and omissions of Defendant AIK and their agents were motivated by the discrimination of Plaintiff's race or Chinese origin, with the purpose of interfering with Plaintiff and his right to be treated fairly and equally in employment with Defendants.

29. Pursuant to their conduct, Defendant and their agents acted to deprive the Plaintiff of his civil rights. Plaintiff suffered a severe and pervasive hostile work environment and was terminated and retaliated on by Defendants in bad faith in violation of Title VII.

30. As a result, Plaintiff suffered loss of employment opportunities, emotional distress, physical injury, and other monetary damages.

6

## COUNT II. CAUSE OF ACTION

**[Hostile Work Environment in Violation of the Title VII of the Civil Rights Act of 1964 Brought by Plaintiff Against Defendant AIK]**

31. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Plaintiff alleges that the discriminatory statement of the Defendant AIK's agents is unwelcome. Defendant AIK and their agents engaged in various, severe and hostile actions against Plaintiff because of his Chinese origin or race. The continuous hostile actions interfered with his ability to perform his work or changed the terms and conditions of employment, and are subjectively and objectively viewed as abusive and hostile to a reasonable person.

33. The discriminatory statements and actions made by the leaders of AIK, which established the company culture of AIK, did not show any intent, policy or effort to protect employees from discrimination as defined by Title VII of the Civil Rights Act of 1964 and the related laws of the State and City of New York.

34. As a result of the aforesaid acts depriving Plaintiff of his civil rights, he suffered loss of employment opportunities, emotional distress, physical injury, and other monetary damages.

## COUNT III. CAUSE OF ACTION

**[Retaliation and Adverse Action in Violation of Title VII of the Civil Rights Act of 1964 Brought by Plaintiff Against Defendant AIK]**

35. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. Plaintiff alleges that he fulfilled his obligations as a project manager, engaged in legal activities, asked for sufficient health and safety protection and supplies, took pictures of injured workers, which were required by law, regulations, and reasonable construction business practices.

7

37. Defendants willfully ignored, delayed, or punished Plaintiff's lawful activities and put him in burdensome working conditions, such that he could not carry out his obligations properly. These actions were based on an unlawful discriminatory purpose toward Plaintiff. The Defendants intentionally and finally took adverse action against him.

38. There exists a causal connection between the Plaintiff's lawfully protected activities and the adverse action.

39. Plaintiff alleges that Defendant AIK took adverse action and retaliated against him for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964.

40. As a result, Plaintiff suffered loss of employment opportunities, emotional distress, and other monetary damages.

## COUNT IV. CAUSE OF ACTION

**[Race and National Origin Discrimination in Violation of New York State Human Rights Law and New York City Human Rights Law Brought by Plaintiff Against All Defendants]**

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. Plaintiff alleges that Defendants' unlawful statements, acts and omissions violated New York State Human Rights Law and New York City Human Rights Law in addition to the federal Title VII. Both statutes are comprehensive anti-discrimination statutes that prohibit discrimination based on race and national origin in employment.

## COUNT V. CAUSE OF ACTION

**[Hostile Work Environment in Violation of New York State Human Rights Law and New York City Human Rights Law Brought by Plaintiff Against All Defendants]**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

8

44.  Plaintiff alleges that Defendants created a hostile and discriminatory work environment, and that Defendants' unlawful statements, acts and omissions violated New York State Human Rights Law and New York City Human Rights Law in addition to the federal Title VII.

## COUNT VI. CAUSE OF ACTION
**[Retaliation and Adverse Action in Violation of New York State Human Rights Law and New York City Human Rights Law Brought by Plaintiff Against All Defendants]**

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Plaintiff alleges that Defendants took adverse action and retaliated against him with an unlawful discriminatory purpose while he was engaging in protected activity, in violation of New York State Human Rights Law and New York City Human Rights Law in addition to the federal Title VII.

## COUNT VII CAUSE OF ACTION
**Unpaid Salary Violation Based on the Fair Labor Standards Act (FLSA), the New York State Labor Law (NYLL), the Wage Theft Protection Act (WTRA), and Other Local Administrative Regulations Brought by Plaintiff Against Defendant AIK**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. Plaintiff alleges that Defendant AIK willfully failed to pay the Plaintiff the salary of the last week of his employment and missed other benefits, which violated various federal, state, and local laws.

9

**PRAYER FOR RELIEF**

49. Wherefore, Plaintiff respectfully requests that this Court enter a judgment providing the following relief for the discriminatory employment:

   a. A declaratory judgment that the practices complained of herein are unlawful and violate Title VII, 42 U.S.C. §2000e.

   b. Upon information and belief, Plaintiff is entitled to recover from the Defendants compensation damages, including back pay of $85,000.00 per year calculated from July 9th, 2022 until the Judgment effective date;

   c. Reasonable emotional distress up to $35,000.00;

   d. Punitive damages based on intentional discrimination and retaliation, including punitive damages of violations pursuant to Title VII of up to $50,000.00;

   e. And appropriate punitive damage pursuant to NYSHRL and appropriate punitive damage pursuant to NYCHRL up to $100,000.00;

   f. Prejudgment interest and post-judgment interest

   g. Attorney's fees and legal costs.

50. Plaintiff further alleges the unpaid salary violated New York Labor Law, The Wage Theft Prevention Act (WTPA), New York City laws and New York Common Law and that he is entitled to recover from Defendants: (a) unpaid salary $1,634.62; (b) unpaid salary based on the promised 2-week termination notice period $3,269.23 (c) liquidated damages $9,807.72; (d) interest; (e) attorney's fees and legal costs.

51. Plaintiff further alleges that he is entitled to recover from Defendants a total of $1,000.00 in: (a) compensatory damages for the Plaintiff's supply of personal protective equipment expended for the health and safety of Plaintiff and the laborers under his supervision; (b) compensatory damages for the personal injury Plaintiff sustained while working in an unsafe and hazardous work environment due to Defendants' actions and omissions; (c) compensatory damages for the tools that Plaintiff was forced to utilize and lend to Defendants' projects due to the deficiency in proper tools and equipment that Defendants failed to provide.

52. Other damages, and for such other and further relief as this court deems just, proper, and equitable.

## DEMAND FOR TRIAL BY JURY

53. Plaintiff demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

Date: 07/09/2023

Plaintiff:
Shixuan Luo
1762 1st Ave. Apt. 2R
New York, NY 10128
(224)-616-7530
Email: rollsjefferson@yahoo.com

11