UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIXUAN LUO,

                              Plaintiff,

               against

AIK RENOVATION INC., STEVE NEJASMIC, and
MICHAEL RENOSIS,

                              Defendants.

Index No.: 23-cv-5878 (LJL)

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

---

**MORRISON TENENBAUM PLLC**
Joshua S. Androphy, Esq.
*Attorneys for Defendant*
87 Walker Street, Floor 2
New York, New York 10013
Telephone No.: (212) 620 -0938
Email:  jandrophy@m-t-law.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ............................................................................. 2

LEGAL ARGUMENTS ................................................................................ 4

    I.   THE STANDARD ON A MOTION TO DISMISS FOR FAILURE TO STATE A
        CLAIM ......................................................................................................... 4

    II.  LUO FAILS TO STATE A CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT,
        THE NEW YORK STATE HUMAN RIGHTS LAW, AND THE NEW YORK CITY
        HUMAN RIGHTS LAW ................................................................................ 4

    A.  Luo Fails to State a Claim for Race or National Origin Discrimination ............................ 4

    B.  Luo Fails to State a Claim for Hostile Work Environment .................................................. 7

    C.  Luo Fails to State a Claim for Retaliation ........................................................................ 10

CONCLUSION ......................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alexander v. Possible Prods., Inc.*, 336 F. Supp. 3d 187, 195 (S.D.N.Y. 2018)          7

*Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002)          8

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)          4

*Atkinson v. Prabhjot Singh*, 19-CV-3779 (VSB), 2022 U.S. Dist. LEXIS 8203, *32, 2022 WL
          137634(S.D.N.Y.Jan.14,2022)          6,7,9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)          4

*Bilitch v. N.Y.C. Health & Hosps. Corp.*, 194 A.D.3d 999, 148 N.Y.S.3d 238, 245
          (2d Dep't 2021)          9

*Blumstein-Torrella v. N.Y.C. Dep't of Educ.*, Index No. 19-cv-3492 (ALC), 2023 U.S. Dist. LEXIS
          139175, *18, 2023 WL 5097873 (S.D.N.Y. Aug. 9, 2023)          10

*Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014)          6

*Brown v. Montefiore Med. Ctr.*, 19 CV 11474 (ALC), 2021 U.S. Dist. LEXIS 57179, * 29, 2021
WL 1163797 (S.D.N.Y. Mar. 25, 2021)          9

*Cifra v. General Electric Co.,* 252 F.3d 205, 216 (2d Cir. 2001)          10

*Drummond v. Akselrad*, 23-cv-179 (LJL), 2023 U.S. Dist. LEXIS 75793, *9, 2023 WL 3173780
          (S.D.N.Y. May 1, 2023)          4

*EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2013)          5

*Golove v. Monroe Cmty. Coll.,* 29 F. App x 695, 699 (2d Cir. 2002)          9

*Hoxhaj v. Michael Cetta, Inc.*, 21-cv-6486 (LJL), 2023 U.S. Dist. LEXIS 84994, *30, 2023 WL
          3455444 (S.D.N.Y. May 15, 2023)          10

*Isbell v. City of New York*, 316 F. Supp. 3d 571, 591 (S.D.N.Y. 2018)          8

*Kirkland v. Cablevision Sys.,* 760 F.3d 223, 225 (2d Cir. 2014)          5

*Kops v. PPM America, Inc.*, 2016 U.S. Dist. LEXIS 177692, 2016 WL 7188793, at *5 (S.D.N.Y.
          2016)          10,11

*Littlejohn v. City of N.Y.*, 795 F.3d 297, 320 (2d Cir. 2015)          7,8,11

*Livingston v. City of New York*, 563 F. Supp. 3d 201, 234-35 (S.D.N.Y. 2021)          10

*Lopez v. White Plains Hosp.*, 2022 U.S. Dist. LEXIS 59065, *47-*48 (S.D.N.Y. Mar. 29, 2022)  8

*Marseille v. Mount Sinai Hosp.*, No. 21-2140, 2022 U.S. App. LEXIS 29798, *4, 2022 WL

14700981                                                                                       9

*Obinabo v. Radioshack Corp.,* 522 F. App x 55, 57 (2d Cir. 2013)                              8

*Ochoa v. N.Y. City Dep't of Educ.*, 20-cv-9014 (ALC), 2021 U.S. Dist. LEXIS 224901, *4, 2021
    WL 5450343                                                                   4,5,6,7,10

*O Connor v. Viacom, Inc.,* 1996 U.S. App. LEXIS 32986, at *8 (2d Cir. Dec. 16, 1996)          9

*Philip v. GTECH Corp.*, Index No. 14 Civ. 9261 (PAE), 2016 U.S. Dist. LEXIS 94777, *27
    (S.D.N.Y. July 20, 2016)                                                     4,5,7,8

*Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015)                                           7

*Townsend v. Benjamin Enters., Inc.,* 679 F.3d 41, 48 (2d Cir.2012)                            11

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)                      5

**Statutes**

Fair Labor Standards Act ( FLSA").                                                             1

Federal Rule of Civil Procedure 12(b)(6).                                                      4

New York City Human Rights Law ( NYCHRL")                                                      1,7,12

New York State Human Rights Law ( NYSHRL")                                                     1,7,9,11

Title VII of the Civil Rights Act                                                              1,5,10,11

## PRELIMINARY STATEMENT

Defendants AIK Renovation, Inc. ("AIK Renovation"), Steve Nejasmic, and Michael Renosis, by their attorneys, submit the following memorandum of law in support of their motion to dismiss the first, second, third, fourth, fifth, and sixth causes of action set forth in the amended complaint.

Plaintiff Shixuan Luo's amended complaint asserts claims under Title VII of the Civil Rights Act, the New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") alleging race and national origin employment discrimination, a hostile work environment due to race or national origin, and retaliation for complaints about alleged discrimination. It also asserts a claim for unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on Defendants' alleged failure to pay Luo for his final week of employment.

Luo's claims for alleged national origin and race discrimination, hostile work environment, and retaliation should all be dismissed. Luo has failed to allege facts that would plausibly support an inference that Defendants engaged in disparate treatment based on Luo's race or national origin. He has not stated facts that suggest that he was treated worse than other employees based on his race or national origin. Nor has Luo alleged facts that would plausibly support a finding of a hostile work environment. His reference to a couple alleged uncivil remarks do not make out a claim for a hostile work environment. Lastly, Luo does not plausibly allege fact to support his claim that he engaged in protected activity relating to his race or national origin, and that he was retaliated against for such activity. Luo does not identify any protected activity he engaged in before filing his EEOC complaint. By the time he filed his EEOC complaint he had already been terminated.

## STATEMENT OF FACTS

The facts set out herein are derived from the amended complaint, and are presumed to be true for the purposes of this motion to dismiss.

Plaintiff Shixuan Luo is an Asian male of Chinese national origin.  (Am Compl. ¶4) Luo was employed as a project manager foe defendant AIK Renovation, Inc. from May 30, 2022 through July 9, 2022.  (*Id.*)

AIK Renovation, Inc. is a construction company located in Long Island City, New York. (*Id.* ¶5) AIK Renovation, Inc. has approximately 30 employees.  (*Id.*)  The majority of the managers are white Eastern-European immigrants or their descendants, and the majority of the laborers are Latino.  (*Id.*)  Defendant Steve Nejasmic is the owner of AIK Renovation, and makes direct employment decisions.  (*Id.* ¶6) Defendant Michael Renosis is a project manager and was Luo's direct supervisor.  (*Id.* ¶7)

Luo began working for AIK Renovation on May 30, 2022.  During his employment from May 30 to July 9, he did not see any other worker of Asian or Chinese descent.  (*Id.* ¶11)

Luo was supervised by Renosis. (*Id.* ¶12) Renosis was also responsible for other worksites. (*Id.*)

Luo asserts that he fulfilled all his job duties.  (*Id.* ¶13) However, Luo felt unwelcome from the start.  (*Id.*¶14) His requests for supplies were ignored.  (*Id.*)  Renosis instructed Luo not to call Nejasmic, but instead to email him, and Nejasmic did not frequently check his email.  (*Id.*)  Luo did not have the phone numbers of the project architect, owner, and building manager, though he asked for them.  (*Id.*)  Renosis blocked Luo from participating in weekly or biweekly meetings at the worksite with the architect, owner, and building manager.  (*Id.*)

On June 3, 2022, Luo presented another Chinese man as a candidate for a job with AIK Renovation.  (*Id.*¶15) Renosis refused to acknowledge the candidate for one and a half hours, and did not interview the worker.  (*Id.*)  Renosis also said "Who can f***ing compete with the f***ing Chinese" when Luo tried to persuade Renosis to give the candidate an interview.  (*Id.*)  The candidate was not offered a job.  (*Id.*)

Luo claims that at two weekly managers' meetings he attended, leaders of AIK including Nejasmic, Renosis, and field operations manager Wojciech Burdzy made racially motivated jokes about two recently laid off employees, one who was Black and one who was disabled.  (*Id.* ¶16) Luo does not provide further detail of the allegedly racially motivated jokes.  (*Id.*)

Luo alleges that he heard from a worker at his worksite that a "leader at AIK" referred to Luo as "Sino."  (*Id.* ¶17) He also alleges he heard the use of the N-word referring to Black people. (*Id.*)

Luo states that he repeatedly requested health and safety supplies, and necessary tools, materials, and equipment, which were insufficient at the work site.  (*Id.*¶18) Luo also made complaints about disorganized deliveries to the worksite, in which two injuries occurred at the worksite, including to Luo himself.  (*Id.* ¶19) Luo alleges he asked for safety equipment for the jobsite, but these requests were ignored or delayed, and provoked a hostile attitude from management .  (*Id.*¶20)

On July 5, 2022, Luo was temporarily assigned to a different worksite.  (*Id.* ¶21) A worker suffered an injury on the job, and Luo took a picture of the injury.  (*Id.*)  Later, Nejasmic called him and was displeased, and asked Luo why he took the picture.  (*Id.*)

On July 7, Nejasmic met with Luo at AIK's office.  (*Id.* ¶22) Nejasmic blamed Luo for issues at the worksite and told Luo he would be replaced.  (*Id.*)   Luo's replacement was a white

non-Chinese person.  (*Id.*)  Nejasmic told Luo he would have two weeks to find another job.  (*Id.*)

However, on July 9, Nejasmic told Luo he was terminated, effective immediately.  (*Id.* ¶23)  Luo

claims he was not paid for his final week of work.  (*Id.* ¶24)

## LEGAL ARGUMENTS

### I.   THE STANDARD ON A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

"To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for

failure to state a claim upon which relief can be granted, a complaint must include 'sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Drummond*

*v. Akselrad*, 23-cv-179 (LJL), 2023 U.S. Dist. LEXIS 75793, *9, 2023 WL 3173780 (S.D.N.Y.

May 1, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009)).  "The plaintiff must allege sufficient facts to show 'more than a sheer possibility that a

defendant has acted unlawfully.'"  *Ochoa v. N.Y. City Dep't of Educ.*, 20-cv-9014 (ALC), 2021

U.S. Dist. LEXIS 224901, *4, 2021 WL 5450343 (quoting *Iqbal*, 556 U.S. at 678).  "Put another

way, the plausibility requirement 'calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence [supporting the claim]."  *Drummond*, 2023 U.S. Dist. LEXIS

75793, at *9-*10 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L.

Ed. 2d 929 (2007)).

### II.   LUO FAILS TO STATE A CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT, THE NEW YORK STATE HUMAN RIGHTS LAW, AND THE NEW YORK CITY HUMAN RIGHTS LAW

#### A.   Luo Fails to State a Claim for Race or National Origin Discrimination

"Title VII makes it unlawful for an employer to discriminate on the basis of race, i.e., to

use race as a motivating factor' in taking a materially adverse employment action."  *Philip v.*

4

*GTECH Corp.*, Index No. 14 Civ. 9261 (PAE), 2016 U.S. Dist. LEXIS 94777, *27 (S.D.N.Y. July 20, 2016).  A plaintiff must demonstrate a prima facie case of discrimination by showing "evidence that (1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took a materially adverse action against him; and (4) the adverse action occurred under circumstances giving rise to an inference of race discrimination."  *Id.* 2016 U.S. Dist. LEXIS 94777, at *28 (quoting *Kirkland v. Cablevision Sys.,* 760 F.3d 223, 225 (2d Cir. 2014)).

"[T]o defeat a motion to dismiss . . . in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Ochoa*, 2021 U.S. Dist. LEXIS 224901, at *5-*6 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)).  "'[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert nonconclusory factual matter sufficient to 'nudge its claims across the line from conceivable to plausible to proceed.'" *Id.*, U.S. Dist. LEXIS 224901, at *6 (quoting *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2013)).

The facts alleged by the Luo's complaint do not give rise to a plausible inference that his termination was due to his national origin or race.  Instead, Luo simply asserts that his discrimination was due to his race or national origin, without any factual support for such an inference.

Luo's allegations that he did not receive supplies he needed, and that he was instructed to email Nejasmic rather than call him (Am Compl. ¶14), does not support any inference that this was due to race or national origin discrimination, rather than the company's standard procedures.  Luo does not allege that anyone with a different race or national origin than his was treated

different from how he was treated.  *See Atkinson v. Prabhjot Singh*, 19-CV-3779 (VSB), 2022 U.S. Dist. LEXIS 8203, *32, 2022 WL 137634 (S.D.N.Y. Jan. 14, 2022) (dismissing claim where plaintiff failed to "plead specific facts demonstrating how anyone similarly situated to [plaintiff] was treated better or differently on account of [protected characteristic]").

Luo alleges that when he brought another worker of Chinese national origin for an interview, Renosis ignored his presence for an hour and a half and then said "Who can f****ing compete with the f***ing Chinese!" and did not hire the employee. (Am. Compl. ¶15)  This single alleged statement, which suggests that Renosis considered Chinese workers to be better workers, and failure to hire a different employee, does not create any inference that Defendants discriminated against Plaintiff Luo based on his national origin or race.

Nor do Luo's allegations of racially based jokes about other non-Chinese employees (Am. Compl. ¶¶16-17) give rise to any inference that Defendants engaged in disparate treatment of Luo based on his national origin or race.

Luo acknowledges that the reason AIK gave for terminating him was several issues on the construction project he worked on.  (Am. Compl. ¶22)  Luo alleges no facts to give rise to an inference that this was a pretext to hide a real reason of racial or national origin discrimination. Luo's claim for discrimination under Title VII should be dismissed.

The same analysis requires dismissal of Luo's claim under the NYSHRL and NYCHRL for discrimination.  Discrimination claims under the NYSHRL are subject to the same analysis as under Title VII.  *Ochoa*, 2021 U.S. Dist. LEXIS 224901, at *7 (quoting *Brown v. Daikin Am. Inc*., 756 F.3d 219, 226 (2d Cir. 2014)).  Just as Luo fails to state a claim for discrimination based on race or national origin under Title VII, he also has failed to plead facts sufficient to state a claim under the NYSHRL.

"[T]o establish a ... discrimination claim under the NYCHRL, the plaintiff need only demonstrate by a preponderance of the evidence that she has been treated less well than other employees because of her gender, race, religion, or national origin."  *Ochoa*, 2021 U.S. Dist. LEXIS 224901, at *7-*8 (quoting *Alexander v. Possible Prods., Inc.*, 336 F. Supp. 3d 187, 195 (S.D.N.Y. 2018) (internal marks omitted).  While this presents a lower hurdle for a plaintiff, "the NYCHRL is not a general civility code."  *Id.*, 2021 U.S. Dist. LEXIS 224901, at *8.  Conclusory allegations of disparate treatment are not actionable.  *Id.*

Here, Luo only presents conclusory allegations of disparate treatment based on his race or national origin.  He fails to allege facts that would make the alleged discrimination plausible rather than merely conceivable.  The first and fourth causes of action should be dismissed.

### B.  Luo Fails to State a Claim for Hostile Work Environment

A claim of a hostile work environment requires that the plaintiff allege "'that the discriminatory harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' that 'the hostile conduct occurred because of a protected characteristic,' and that 'a specific basis exists for imputing the objectionable conduct to the employer.'"  *Philip*, 2016 U.S. Dist. LEXIS 94777, at *33 (quoting *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015)).  At the pleading stage, to defeat a motion to dismiss, "a plaintiff must plead facts showing that 'the workplace is permeated with discriminatory intimidation, ridicule, [or] insult[s].'"  *Atkinson*, 2022 U.S. Dist. LEXIS 8203, at *24 (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 320 (2d Cir. 2015)).

Courts "must consider the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work

performance." *Isbell v. City of New York*, 316 F. Supp. 3d 571, 591 (S.D.N.Y. 2018) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015)).  "This test has objective and subjective elements: the misconduct shown must be severe or pervasive enough to create an objectively hostile or abusive work environment, and the victim must also subjectively perceive that environment to be abusive." *Philip*, 2016 U.S. Dist. LEXIS 94777, at *33-34 (quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted).  "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Id.*, 2016 U.S. Dist. LEXIS 94777, at *34 (quoting *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002).

"Hostile work environment claims are meant to protect individuals from abuse and trauma that is severe. They are not intended to promote or enforce civility, gentility[,] or even decency." *Lopez v. White Plains Hosp.*, 2022 U.S. Dist. LEXIS 59065, *47-*48 (S.D.N.Y. Mar. 29, 2022) (quoting *Isbell*, 316 F. Supp. 3d at 591).

Luo fails to allege that AIK Renovation had a hostile work environment under Title VII. Luo only worked for AIK Renovation for less than two months.  (Am. Compl. ¶¶11, 22-23)  The conduct Luo's allegations cannot be considered sufficiently severe or pervasive when it occurred over such a short period of time.

Moreover, Luo fails to make allegations that any alleged comment, joke, or slur was anything more than a stray workplace remark.  When considering "stray remarks" as evidence of discrimination, courts consider: (1) who allegedly made the remark; (2) when the remark was made in relation to the employment action; (3) the remark's content; and (4) the context in which the remark was made.  *See Obinabo v. Radioshack Corp.,* 522 F. App'x 55, 57 (2d Cir. 2013).  It is well-established that stray workplace remarks, in the absence of a clearly demonstrated nexus to

the adverse employment action at issue, do not alone establish a valid claim of discrimination.  *See O'Connor v. Viacom, Inc.,* 1996 U.S. App. LEXIS 32986, at *8 (2d Cir. Dec. 16, 1996); *see also Golove v. Monroe Cmty. Coll.,* 29 F. App'x 695, 699 (2d Cir. 2002) (alleged "stray remarks" alone cannot prove workplace discrimination).   "[E]ven repeated rude and nasty behavior does not amount to a hostile work environment."  *Atkinson*, 2022 U.S. Dist. LEXIS 8203, at *27.

Here, Luo alleges that he heard a single statement by Renosis in connection with another potential employee of Chinses origin.  (Am. Compl. ¶15)  He also alleges hearing two racial jokes about persons of other races, and being told by an unidentified individual that a leader referred to him as "Sino."  (Am Compl. ¶¶16-17)  These alleged stray remarks, slurs, and jokes, not even alleged to have been made directly to Luo, cannot be the basis of finding a hostile work environment.

A hostile work environment claim under the NYSHRL is analyzed the same as under Title VII.  *Brown v. Montefiore Med. Ctr.*, 19 CV 11474 (ALC), 2021 U.S. Dist. LEXIS 57179, * 29, 2021 WL 1163797 (S.D.N.Y. Mar. 25, 2021).  For the same reasons supporting dismissal of the Title VII hostile work environment claim, the NYSHRL claim should also be dismissed.

While the standard for a claim under the NYCHRL is less stringent than under Title VII or the NYSHRL, Luo's hostile work environment claims must be dismissed under that law as well. To state a claim, Luo must allege that he was treated less well due to his race or national origin. *Brown*, 2021 U.S. Dist. LEXIS 57179, at *30.   The conduct alleged "must exceed 'what a reasonable victim of discrimination would consider petty slights and trivial inconveniences,' and 'mere personality conflicts' will not suffice."  *Marseille v. Mount Sinai Hosp*., No. 21-2140, 2022 U.S. App. LEXIS 29798, *4, 2022 WL 14700981 (quoting *Bilitch v. N.Y.C. Health & Hosps. Corp.*, 194 A.D.3d 999, 148 N.Y.S.3d 238, 245 (2d Dep't 2021)).  Where, as here, "plaintiff fails

to demonstrate that the defendant's conduct was caused at least in part by discriminatory or retaliatory motive, or the defendant demonstrates that the alleged conduct did not exceed petty slights or trivial inconveniences, plaintiff's claim must fail." *Blumstein-Torrella v. N.Y.C. Dep't of Educ.*, Index No. 19-cv-3492 (ALC), 2023 U.S. Dist. LEXIS 139175, *18, 2023 WL 5097873 (S.D.N.Y. Aug. 9, 2023) (quoting *Livingston v. City of New York*, 563 F. Supp. 3d 201, 234-35 (S.D.N.Y. 2021) (internal marks omitted); *see also Hoxhaj v. Michael Cetta, Inc.*, 21-cv-6486 (LJL), 2023 U.S. Dist. LEXIS 84994, *30, 2023 WL 3455444 (S.D.N.Y. May 15, 2023) (quoting *Kops v. PPM America, Inc.*, 2016 U.S. Dist. LEXIS 177692, 2016 WL 7188793, at *5 (S.D.N.Y. 2016)) ("Defendants are not liable if Plaintiffs fail to show Defendants' conduct was in any way motivated by discrimination, or if the Defendants prove 'the conduct was nothing more than petty slights or trivial inconveniences.'")  Therefore, the second and fifth causes of action of the complaint should be dismissed.

### C.  Luo Fails to State a Claim for Retaliation

Luo's claim for retaliation should be dismissed.  To state a claim for retaliation, Luo must allege that he "(1) engaged in [activity] protected . . . under [Title VII, . . .  or the NYSHRL], (2) that the employer was aware of this activity, (3) that the employer took adverse actions against plaintiff, and (4) that a causal connect exists between the protected activity and the adverse action." *Ochoa*, 2021 U.S. Dist. LEXIS 224901, at *8 (quoting *Cifra v. General Electric Co.,* 252 F.3d 205, 216 (2d Cir. 2001)).  Here, Luo does not allege that he engaged in any activity protected by Title VII or the NYSHRL.  The activities Luo identifies appear to be that he performed his job duties, asked for health and safety supplies, and took pictures of an injured worker.  (Am. Compl. ¶36)  These activities have no connection whatsoever to Title VII or the NYSHRL, or to Luo's claim of discrimination on the basis of race or national origin.

"For purposes of determining whether an activity is protected, § 704(a) includes 'both an opposition clause and a participation clause.'" *Littlejohn v. City of New York*, 795 F. 3d 297, 316 (2d Cir. 2015) (quoting *Townsend v. Benjamin Enters., Inc.,* 679 F.3d 41, 48 (2d Cir.2012)).  The complaint does not remotely allege conduct that would involve the participation clause.  "The opposition clause makes it unlawful for an employer to retaliate against an individual because she 'opposed any practice' made unlawful by Title VII." *Id.*  Luo has not identified any way in which he opposed any allegedly discriminatory practice before his termination.  The activities he identifies were general activities in the performance of his job, and did not involve any complaint about conduct that was unlawful under Title VII or the NYSHRL.  Luo only filed an EEOC complaint after his termination, so that complaint cannot serve as the protected activity that forms the basis of his retaliation claim.

Luo also fails to allege a causal connection between his alleged protected activities and his termination.  Plaintiff merely offers a conclusory allegation of a causal connection.  (Am. Compl. ¶38)

To state claim for retaliation under the NYCHRL, a plaintiff "must show that she took an action opposing her employer's discrimination and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Kops v. PPM Am., Inc.,* 15 Civ. 1584 (GBD), 2016 U.S. Dist. LEXIS 177692, *13 (S.D.N.Y. Dec. 5, 2016 (quoting *Mihalik*, 715 F.3d at 112).  As stated above, none of Luo's alleged actions cited in the amended complaint remotely approached actions that opposed his employer's alleged discrimination.  The actions were simply related to performing his job, not opposing purported discrimination.  Accordingly, the third and sixth causes of action should be dismissed.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request that the Court dismiss the

first, second, third, fourth, fifth, and sixth causes of action set forth in the amended complaint.

Dated: New York, New York
      August 25, 2023

**MORRISON TENENBAUM PLLC**


By:   /s/ Joshua S. Androphy
    Joshua S. Androphy, Esq.
    Morrison Tenenbaum PLLC
    *Attorneys for Defendants*
    87 Walker Street – Second Floor
    New York, New York 10013
    Tel: (212) 620.0938
    Email: jandrophy@m-t-law.com