UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
:
SHIXUAN LUO,                                                          :
:
Plaintiff,                          :
:
-v-                                   :
:
AIK RENOVATION INC., STEVE NEJASMIC, and     :
MICHAEL RENOSIS,                                             :
:
Defendants.                        :
----------------------------------------------------------------------X

```
+-------------------------------------+
| USDC SDNY                           |
| DOCUMENT                            |
| ELECTRONICALLY FILED                |
| DOC #:_____              |
| DATE FILED: 12/12/24  ____          |
+-------------------------------------+
```

23-cv-5878 (LJL)

<u>ORDER</u>

LEWIS J. LIMAN, United States District Judge:

The Court has attached to this Order a planned charge for use at the trial in this case. A verdict form is also attached following the charge. The parties should be prepared to discuss the charge and verdict form on the first morning of trial.

SO ORDERED.

Dated: December 12, 2024
New York, New York

_____
LEWIS J. LIMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                        :

SHIXUAN LUO,                            :

                        :

            Plaintiff,          :

                        :        23-cv-5878 (LJL)

       -v-                   :

                        :        <u>JURY CHARGE</u>

AIK RENOVATION INC., STEVE NEJASMIC, and  :
MICHAEL RENOSIS,              :

                        :

            Defendants.      :

                        :
------------------------------------------------------------------------X

## I.    Introductory Instructions

### A.    Role of the Court

I will now instruct you on the law.  It is my duty to do that, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.  It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.  You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or should be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

If any attorney states or has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You should not single out any particular instruction alone as stating the law, and you should consider my instructions as a whole when you retire to deliberate in the jury room.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure that the testimony was clear and to avoid confusion. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

### B.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass judgment upon the evidence. You determine the credibility of the witnesses. You resolve any conflicts there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. Although you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

### C.    Role of Counsel / Objections and Sidebars

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Therefore, you should draw no inference from the fact that an attorney objected to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences at sidebar, out of your hearing. These conferences involved procedural and other matters. None of the events relating to these conferences should enter into your deliberations at all.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue. If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

### D.    Juror Oath / Sympathy or Bias

I know you will try the issues that have been presented to you according to the oath that you have taken as jurors in which you promised that you would well and truly try the issues joined in this case and render a true verdict. If you follow that oath, and try the issues without fear or prejudice or bias or sympathy, you will arrive at a true and just verdict.

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence. The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, national origin, sex or age of any party or any witness, or any other such irrelevant factor. This case should be decided by you as an action between parties of equal standing in the community, and of equal worth. Both parties are entitled to the same fair trial at your hands. Both parties stand equal before the law, and are to be dealt with as equals in this Court.

### E.    All Persons Equal Before the Law

As noted, in reaching your verdict, you must remember that all parties stand equal before the law, and are to be dealt with as equals in this Court. The mere fact that some of the parties in this case are corporations does not mean they are entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party. This means you must treat Shixuan Luo, Steve Nejasmic, and Michael Renosis, all natural persons, and AIK Renovation, a corporation, as equal under the law.

### F.    Burden of Proof

Because this is a civil case, the preponderance of the evidence standard applies to all disputed issues. Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this one, and you should put it out of your mind.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have offered or produced them.

If, after considering all of the testimony, you are satisfied that the Plaintiff, the party with the burden of proof, has carried her burden on each essential point of the claim where she bears the burden of proof, then you must find in the Plaintiff's favor on that claim. If, after such

consideration, you find that the evidence produced by the Plaintiff is outweighed by the evidence against the Plaintiff's position, or that the credible evidence on a given issue is evenly divided between the parties—that it is as equally probable that one side is right as it is that the other side is right—then you must decide that issue against the Plaintiff. That is because the Plaintiff bears the burden of proof, and she must prove more than simple equality of evidence—she must prove the element by a preponderance of the evidence. On the other hand, the Plaintiff need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the Plaintiff—that what she claims is more likely true than not—then that element will have been proven by a preponderance of the evidence.

### G.    Multiple Defendants and Claims

In this case, the plaintiff has brought claims against multiple defendants. In reaching a verdict you must bear in mind that each of the defendants is to be considered separately for each of the plaintiff's claims brought against that defendant. Your verdict must be reached solely on the evidence or lack of evidence presented against each defendant, for each claim, without regard to the liability of the other defendants. The case against one defendant stands or falls upon the proof, or lack of proof, against that defendant alone.

You must also give separate consideration to each claim in this case. The plaintiff has brought multiple claims against each defendant. It does not follow that, if the plaintiff is successful on one of his claims, he must succeed on all of his claims. Similarly, if you determine that the plaintiff has failed to prove the required elements of any one of his claims, that does not mean that he has failed to do so with respect to any of his other claims, except as I specifically instruct you. You must consider each claim, and the evidence that bears on that claim, independently of all other claims, again, except to the extent that I instruct you otherwise.

### H.    What Is and Is Not Evidence

I want to take a moment to describe to you what is and is not evidence in this case.  As I have said, you may rely only on the evidence in your deliberations.  The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  On the other hand, certain things are not evidence.

First, I will describe a list of examples of things that are not evidence:

A question by a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Similarly, arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said in their opening statements and in their closing statements was intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Any dollar figure suggested by Plaintiff's counsel as appropriate relief in this case is only a comment on the evidence or a suggestion.  Such a suggestion is not evidence, and you are free to disregard it.

Statements that I may have made concerning the evidence do not constitute evidence.

Testimony that has been stricken or excluded or that I have asked you to disregard is not evidence, and it may not be considered by you in rendering your verdict.

Anything you may have seen or heard outside the courtroom is not evidence.

Now, I will provide you with some things that you may consider as evidence.  As I have said, evidence may come in several forms:

The sworn testimony of witnesses, regardless of who called them, is evidence.  This is true of the witnesses' answers on both direct and cross-examination.  However, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given.

The exhibits that were admitted during the trial, regardless of who may have presented them, are evidence.

### I.        Direct and Circumstantial Evidence

Generally, as I told you in my initial instructions, there are two types of evidence that you may consider in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched or heard.  For example, if a witness testified that when she left her house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To restate the example I gave you earlier this week, assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day.  Assume that the courtroom blinds were drawn, and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then a few minutes later, another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact. Many facts, such as a person's state of mind, are rarely susceptible to proof by direct evidence. Usually, such facts are established by circumstantial evidence. Where circumstantial evidence is presented, it is of no less value than direct evidence, for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence.

For certain defenses and issues in this case, the Defendants have the burden of proof. I will explain those later in my instructions.

**J.       Inferences**

During the trial, you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

### K.    Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid?  Or was the witness evasive and edgy, as if hiding something?  How did the witness appear?  What was his or her demeanor— that is, the witness's carriage, behavior, bearing, manner and appearance while testifying?  Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which the witness testified, the accuracy of his or her memory, his or her candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its

consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. However, you are not required to consider such a witness as totally "unbelievable." You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of each witness's testimony you accept, and what weight you will give to it.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the Plaintiff's claim or defenses to the claim, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

### L.    Preparation of Witnesses

[IF APPLICABLE You have heard evidence during the trial that certain witnesses discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.]

### M.    Interested Witnesses

In deciding whether to believe a witness, you should take into account any evidence that shows that a witness may benefit in some way from the outcome of the case, such as a financial interest. Likewise, you should specifically note any evidence of hostility or affection that the

witness may have towards one of the parties. You should also consider any other interest or motive that the witness may have in cooperating with a particular party.

For example, in this case, Shixuan Luo, Steve Nejasmic, and Michael Renosis testified before you. As parties to this action, they are, by definition, interested witnesses.

It is your duty to consider whether each witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view the witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

An interested witness is not necessarily less believable than a disinterested witness. The mere fact that a witness is interested in the outcome of the case does not mean the witness has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned, whether the possible interest of any witness, or of any party, has intentionally or otherwise colored or distorted his or her testimony. You are not required to believe an interested witness; you may accept as much of the witness's testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

## II.    Substantive Instructions

With these instructions in mind, let us turn to the substantive law to be applied in this case.

### A.    Corporate Defendant

One of the defendants is a corporation. A corporation is legally considered a person, but of course, it cannot act except through its owners, directors, officers, employees, attorneys, and agents. In general, an employer can be liable for the wrongs done by its representatives if the wrongs are committed during the scope of the representative's duties and in furtherance of the employer's business. However, I will instruct you that different statutes under which Mr. Luo brings claims have different rules for when a corporation can be liable for the conduct of its

employees.  When a statute has rules that are different from the general principle I have just described, you should apply those rules to determine whether AIK Renovation is liable.

### B.    Nature of the Plaintiff's Claims

Mr. Luo claims that AIK Renovation discriminated against him because of his race or national origin when the company terminated his employment in July 2022.  Mr. Luo also claims that AIK Renovation, Steve Nejasmic, and Michael Renosis treated him less well because of his race or national origin in other ways while he was an employee.  Finally, Mr. Luo claims that AIK Renovation failed to pay his salary and other benefits for the last week of his employment. The defendants deny that Mr. Luo's race and national origin played any part in the decision to terminate his employment, which they claim was motivated solely by legitimate business reasons.   The defendants also deny that Mr. Luo was treated less well than other employees because of his race and national origin, and that Mr. Luo was not paid his salary for his last week of employment.

The plaintiff's claims for discrimination are based on three statutes: first, Title VII of the Civil Rights Act of 1964, which is a federal law, the New York State Human Rights Law, which is a state law, and the New York City Human Rights Law, which is a city law. All of these statutes prohibit discrimination in employment because of race or national origin. The statutes have different requirements and apply to different defendants, even though some parts of them are similar. Therefore, I will give you separate instructions for each statute.

The plaintiff's claims for unpaid salary are based on two additional statutes: the Fair Labor Standards Act (FLSA) which is a federal law, and the New York Labor Law (NYLL), which is a state law.  The FLSA and the New York Labor Law are similar as they relate to Mr. Luo's claim here, so I will discuss them together.

### C.    Title VII

### i.        General Instructions

Title VII provides, in pertinent part, that it shall be an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin."

There are four elements that a plaintiff must prove by a preponderance of the evidence in order to prevail on a race or national origin discrimination claim under Title VII:

First, a plaintiff must show that he is a member of a protected class.

Second, a plaintiff must show that he was qualified for his position.

Third, a plaintiff must show an adverse employment action.  An "adverse employment action" is a materially adverse change in the terms or conditions of employment.

Fourth, a plaintiff must show that his race or national origin was a motivating factor in the defendant's decision to take the adverse action.

The parties agree that the first three elements of the claim have been satisfied.  The parties dispute whether race or national origin was a motivating factor in Mr. Luo's termination.

Plaintiff's Title VII claim is only against his employer — in this case, AIK Renovation — and not against individuals. However, you may consider the conduct of the other defendants in determining whether plaintiff has proven his claim.  Specifically, the parties agree that AIK Renovation is legally responsible for termination decisions made by Mr. Nejasmic.  Therefore, if you find that race and national origin was a motivating factor in a decision by Mr. Nejasmic to terminate Mr. Luo's employment, then AIK Renovation is liable under Title VII.

### ii.      Motivating Factor

In order to succeed in his claim of race or national origin discrimination, the plaintiff, Mr. Luo, must prove by a preponderance of the evidence that the defendants discriminated against him

by terminating his employment because of his race or national origin.  When I say "because of," I mean that Plaintiff must prove by a preponderance of the evidence that ethnicity or national origin was a motivating factor in AIK Renovation's decision to terminate his employment. Plaintiff need not, however, establish that ethnicity or national origin was the sole or principal reason for that decision.

The plaintiff may use direct evidence, or circumstantial evidence, or a combination of these, to meet his burden. Again, direct evidence is evidence which, by its very nature, speaks to the issue sought to be proved. An example of direct evidence would be a statement by a person that he or she intended to make an employment decision on the basis of a person's race or national origin. The plaintiff is not required to prove her case by direct evidence, but she may do so.

The plaintiff may also prove that the defendants were motivated by race or national origin by presenting what is called indirect, or circumstantial, evidence to that effect. Indirect or circumstantial evidence is evidence which, although it does not speak directly to the issue sought to be proved, provides the basis for an inference with regard to that issue. Such evidence may include, for example, how the defendants treated people of different races and national origins in the workplace, including in connection with hiring, promotion, or salary determinations, or a defendant's remarks or actions bearing on race or national origin bias in the workplace. To the extent you consider any such remarks, I instruct you that the relevance of such remarks does not depend on their offensiveness, but rather on their tendency, if any, to show that race or national origin was a motivating factor in Mr. Luo's termination.

If you find that plaintiff has proven by a preponderance of the evidence that race or national origin was a motivating factor in AIK Renovation's decision to terminate Mr. Luo's employment, AIK Renovation is liable under Title VII.  If, however, you find that plaintiff has

not shown that race or national origin was a motivating factor in this decision, then AIK Renovation is not liable under Title VII.

### iii.    Defendants' Reasons for the Challenged Employment Actions

Defendants contend that AIK Renovation had legitimate reasons for its conduct toward Plaintiff.  Specifically, they contend that Luo was terminated because he failed to perform at the level expected of a project manager at AIK Renovation.  Plaintiff contends that defendants' explanations for his termination are pretextual, that is, that they are unworthy of belief.  Plaintiff asserts that a motivating factor for terminating his employment was his race or national origin.

When you consider these competing claims, you are not to judge the wisdom of AIK Renovation's actions, but instead, to decide whether the reasons it advances were the actual reasons for its actions.  An employer is entitled to make its decisions for good reasons, bad reasons, or for no reason at all, so long as the decision is not motivated by discrimination. Similarly, absent evidence of bad faith, an employer is entitled to set its own expectations and requirements as to how to organize and staff its workplace and as to the qualifications for a given position. You are not to judge AIK Renovation's standards of expected performance or the qualifications it set in good faith.  Rather, you are to examine how the defendants treated the plaintiff in light of the defendants' legitimate expectations of performance and the qualifications they desired.

If you believe that the reasons the defendants gave for their decision to terminate Mr. Luo are false or incomplete, you may infer, but are not required to, that the defendants acted as they did based on Mr. Luo's race or national origin. If you find the defendants' proffered reasons for Mr. Luo's termination were false or incomplete, that does not necessarily mean that their true motives included the unlawful one of race or national origin argued by the plaintiff. You may

17

infer the ultimate fact of discrimination from the falsity or incompleteness of the employer's explanation, but you are not required to do so.  Remember, however, that it is the plaintiff's burden to prove that he was a victim of discrimination, that is, that his race or national origin was a motivating factor for the decision to terminate him.

### D.     New York State Human Rights Law

Plaintiff also brings claims that AIK Renovation discriminated against him on the basis of race and national origin under the New York State Human Rights Law, or NYSHRL.  Under this statute, plaintiff again brings claims that AIK Renovation discriminated against him by terminating his employment.  Plaintiff also brings claims that AIK Renovation discriminated against him in other ways. The verdict form I will give you asks you to consider these two claims separately.

To prove his discrimination claims under the NYSHRL, Mr. Luo must show by a preponderance of the evidence that he was treated less well by AIK Renovation at least in part because of his race or national origin.  Plaintiff need only show that his race or national origin was a motivating factor in how he was treated.  It need not be the sole motivating factor. Stated another way, plaintiff must prove by a preponderance of the evidence a causal connection between his race or national origin and how he was treated.  Again, the verdict form I give you will ask you to consider separately whether Mr. Luo was treated less while when he was fired and whether he was treated less well during his employment.

If you find that plaintiff has not shown that he was treated less well because of his race or national origin, then you must find against him on his NYCHRL claim.  If, however, you find that plaintiff was treated less well, you must then consider an affirmative defense to this first element. Specifically, you must determine whether the defendants have shown, by a preponderance of the

evidence, that the conduct at issue was nothing more than what a reasonable person would consider to be petty slights and trivial inconveniences. That is because the NYSHRL is not a general civility code, and it does not apply in the case of such minor slights and inconveniences. If the defendants have shown that the unequal treatment experienced by plaintiff on account of his ethnicity or national origin consisted of no more than minor slights and inconveniences, then the defendants have established the affirmative defense to the first element, the first element has not been proven, and AIK Renovation is not liable for plaintiff's claim under the NYSHRL. To be clear: on this affirmative defense, defendant AIK Renovation has the burden of proof.

Because AIK Renovation is the only defendant who can be held liable under the NYSHRL, you must also consider when the corporation AIK Renovation is and is not liable under the NYSHRL for discriminatory conduct by its employees. If the discriminatory conduct is perpetrated by a high-level managerial employee, it is assumed that this person is acting on behalf of the company, and you may find AIK Renovation liable. [*Franco v. Hyatt Corp.*, 137 N.Y.S.3d 34, 36 (1st Dep't 2020) (citing *Father Belle Cmty. Ctr. v. New York State Div. of Hum. Rts.* 642 N.Y.S.2d 739 (4th Dep't 1996))]. If the discriminatory conduct was not perpetrated by a high-level managerial employee, AIK Renovation may only be held liable if it encouraged, condoned, or approved the conduct [Doe v. Bloomberg, L.P., 36 N.Y.3d 450, 167 N.E.3d 454 (2021)].

To summarize, if you find that plaintiff was not treated less well because of his race or national origin, or that he was treated less well but this treatment consisted only of petty slights or trivial inconveniences, you should find AIK Renovation not liable under the NYSHRL. If you find that plaintiff was treated less well because of his race or national origin by AIK Renovation employees, but AIK Renovation did not encourage, condone, or approve this treatment, you should also find AIK Renovation not liable under the NYSHRL. On the other hand, if you find

that plaintiff was treated less well because of his race or national origin in a way that was more than petty slights or trivial inconveniences, and the employee who did this was a high-level managerial employee, you should find AIK Renovation liable under the NYSHRL.  In addition, if you find that plaintiff was treated less well because of his race or national origin in a way that was more than petty slights or trivial inconveniences, and AIK Renovation encouraged, condoned, or approved the conduct, you should find AIK Renovation liable under the NYSHRL.

### E.      New York City Human Rights Law

Plaintiff also brings discrimination claims under the New York City Human Rights Law (NYCHRL).  Under this statute, Mr. Luo again brings claims that he was discriminated against when he was fired, and also brings claims that he was discriminated against during his employment. Again, the verdict form will ask you to consider these two categories of claims separately.

The same standard for discrimination under the NYSHRL also applies under the NYCHRL.  To prove a race or national origin discrimination claim under the NYCHRL, a plaintiff must show by a preponderance of the evidence that he was treated less well by the defendant at least in part because of his race or national origin.  The NYCHRL also has the same affirmative defense as the NYCHRL: that the discriminatory conduct was nothing more than petty slights or trivial inconveniences.  Therefore, I will not instruct you again on these elements and this affirmative defense. When considering plaintiff's claims under the NYCHRL, you should keep in mind the instructions I have already given you under the NYSHRL.

However, under the NYCHRL, Plaintiff does not only have claims against AIK Renovation. Plaintiff has claims against the two individual defendants, Steve Nejasmic and Michael Renosis, as well as against AIK Renovation.

Therefore, under the NYCHRL you must consider whether Mr. Nejasmic, personally, treated Mr. Luo less well than other employees because of his race or national origin, and this conduct constituted more than petty slights and trivial inconveniences.

Then you must consider whether Mr. Renosis, personally, treated Mr. Luo less well than other employees because of his race or national origin, and this conduct constituted more than petty slights and trivial inconveniences.

Finally, you must consider whether AIK Renovation treated Mr. Luo less well than other employees because of his race or national origin, and this conduct constituted more than petty slights and trivial inconveniences.

### i.    Employer Liability Under the NYCHRL

When considering the claims against AIK Renovation under the NYCHRL, it is important for you to understand that the rules for holding an employer liable under the NYCHRL are not the same as the rules for holding an employer liable under the NYSHRL.  Under the NYCHRL, it is not required that the employer encourages, condones or approves the unlawful discriminatory acts.  [Zakrzewska v. New Sch., 14 N.Y.3d 469, 928 N.E.2d 1035 (2010)].   Instead, you must consider whether one of these three things is true:

1)  the offending employee exercised managerial or supervisory responsibility;

2)   the employer knew of the offending employee's unlawful discriminatory conduct and acquiesced in it or failed to take immediate and appropriate corrective action;

3)  the employer should have known of the offending employee's unlawful discriminatory conduct yet failed to exercise reasonable diligence to prevent it

If any of these three things is true, the employer can be held liable for the discriminatory conduct of its employee under the NYCHRL.  However, if none of these things is true, you must

find the employer not liable.

The parties agree that Mr. Nejasmic and Mr. Renosis exercised supervisory authority over Mr. Luo. Therefore, if you find that Mr. Nejasmic or Mr. Renosis is liable under the NYCHRL for discriminatory conduct against Mr. Luo, you must also find that AIK Renovation is liable under the NYCHRL.

### F.    FLSA and NYLL

Plaintiff Luo alleges that he was not paid by AIK for his last week of work, between July 4, 2022, and July 8, 2022, and brings a claim under the Fair Labor Standards Act and New York Labor Law. I will instruct you with regard to the New York Labor Law, because that is the only law you need to consider to decide these claims.

Under the New York Labor Law, Mr. Luo can only recover for not being paid the minimum wage. [*Hosseini v. Miilkiina LLC*, No. 22-CV-1459 (LJL), 2023 WL 7128092, at *4 (S.D.N.Y. Oct. 27, 2023)]. He cannot recover amounts higher than the minimum wage that he was not paid, even if he is owed them.

The minimum wage claim before you is based on New York Labor Law §652. This statute provides in relevant part that:

> Every employer shall pay to each of its employees for each hour worked a wage of not less than . . . $15.00 per hour.

The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

First, that plaintiff was an employee of the defendant during the time period from July 5, 2022 to July 8, 2022; and

Second, that the defendant failed to pay the plaintiff the minimum wage and/or overtime as required by law.

22

Here, AIK does not dispute that Luo was employed from July 5, 2022 to July 8, 2022. Therefore, the only element of the claim that you must determine is that the defendant failed to pay plaintiff the minimum wage and overtime required under the New York Labor law.

To prove this element, the plaintiff must establish by a preponderance of the evidence that during the time period at issue, the defendant paid him or her less than was legally due in minimum wages or overtime wages. The statutory minimum wage amounts required to be paid during the periods of time relevant to this case was $15.00 per hour.

Under the law, Plaintiff is also entitled to overtime pay if he worked more than 40 hours in a week.  Because the parties dispute whether Plaintiff worked in excess of 40 hours in the relevant week, you must determine how many hours the Plaintiff worked in that week.  You will consider the issue of overtime only if you determine that the Plaintiff worked more than 40 hours in a given week.

Under the New York Labor Law, employers must pay employees one and a half times their "Regular Rate of Pay" for any time the employee works in excess of forty hours in a single week. If you find that the plaintiff was unlawfully paid less than the minimum wage, then overtime should be calculated based on the legal minimum wage to which the plaintiff was entitled, not his "Regular Rate of Pay." Here, Luo alleges he was not paid at all during the time period at issue.  Therefore, for an overtime hour that he worked, he would be entitled to be paid one and a half times the minimum wage, or $22.50 per hour.

G.    **Damages**

My next instructions are on the law of damages. Mr. Luo seeks four types of damages: 1) back pay, 2) damages for emotional distress, 3) punitive damages, and 4) unpaid salary.

i.    **Compensatory Damages**

The first two types of damages Mr. Luo seeks, back pay and damages for emotional distress, are types of compensatory damages. Compensatory damages are designed to put plaintiff in the same position that he would have been in had there been no violation of his rights. You may award compensatory damages only for injuries that plaintiff proves were caused by the discriminatory conduct that you have determined was committed by the defendant you are considering. The damages that you award must be fair compensation — no more and no less.

Please note that you may not award compensatory damages more than once to plaintiff for the same injury. In other words, a plaintiff is entitled to be compensated only for injury that he actually suffered — he is entitled only to be made whole, not to recover more than he lost. Of course, if different injuries are attributed to separate claims, then you must compensate plaintiff fully for all of the injuries.

If you return a verdict for Mr. Luo against AIK Renovation on any of his claims, you must then decide the issue of compensatory damages. Mr. Luo bears the burden of proving his damages. Compensatory damages can be inferred from circumstances presented to you by the evidence, or they can be proven by testimony going solely to the issue of damages. If his damages cannot be precisely measured, you should make a just and reasonable estimate. You should award an amount as, in the exercise of your good judgment and common sense, you decide is fair and just compensation for her injury. In fixing that amount, you should consider all the facts and circumstances in this case.

If you find that the defendants discriminated against Mr. Luo by terminating him from AIK, then Mr. Luo is entitled, as compensation, to the back pay that he would have earned if the defendants had not discriminated against him. This amount consists of the wages, including salary increases and employee benefits, such as health insurance coverage, that Mr. Luo would

have obtained from the date of the adverse employment action until the time of trial, minus any earnings or benefits Mr. Luo received from other employment during this time.

If you find that a defendant discriminated against Mr. Luo on any of his claims, you may also award damages for pain and suffering, including emotional distress, that a plaintiff experienced as a consequence of a defendant's allegedly wrongful conduct that you have found. No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

You should also consider the extent or duration of the pain and suffering Plaintiff experienced, as any award you make must cover the damages sustained by the Plaintiff from the time of the wrongdoing to the present time, if you find that his pain and suffering has continued to the present time.

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are three defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

### ii.    Punitive Damages

If you find that Plaintiff has carried his burden of proof on any of claims of discrimination, you should also consider whether Plaintiff is entitled to a separate and additional award of punitive damages. You cannot award punitive damages unless Plaintiff prevails on one of his

claims for discrimination under Title VII, the NYSHRL, or the NYCHRL. You may make an award of punitive damages whether or not you award Plaintiff other forms of damages.

Punitive damages are awarded, in the discretion of the jury, to punish defendants for wrongful conduct or to deter them and others from similar misconduct in the future. Punitive damages are intended to protect the community, and to be an expression of the jury's indignation at the misconduct.

Assuming you have found one or more Defendants liable, the process of determining punitive damages here would proceed in two phases.

First, as part of your deliberations, you are to determine whether punitive damages are warranted against any defendant, based on the standards I am about to give you. If you find that they are warranted, you will so indicate on the verdict form.

Second, if you decide that punitive damages are warranted, after your verdict has been announced in open court, there would be a limited amount of additional evidence relevant to punitive damages. I would then give you brief supplemental instructions on the calculation of punitive damages. You would then deliberate on the amount of any punitive damages award for each defendant as to whom you believe such damages are warranted. If, however, you were to decide that punitive damages are not warranted, then you would so indicate on the jury form and there would be no need for a second phase of deliberations.

I will instruct you now on the standards for determining whether punitive damages are warranted. As noted, in the event you determine that punitive damages are warranted, I will instruct you later as how to make your determination as to the amount of such damages.

Punitive damages may be awarded when a plaintiff proves by a preponderance of the evidence that the defendant's actions amounted to willful or wanton negligence, or recklessness, or when the defendant consciously disregarded the plaintiff's rights or engaged in conduct so reckless as to amount to such disregard.  The defendant need not know that it was violating the law, and the plaintiff is not required to prove intentional or malicious conduct. A defendant has acted with willful or wanton negligence if its discriminatory or retaliatory acts evidence a high degree of moral culpability and demonstrate exceptional misconduct towards the plaintiff. A defendant acts with reckless indifference if it discriminates against the plaintiff in the face of a perceived risk that its actions will violate the law.  Thus, if you find that a defendant's actions constituted willful or wanton negligence, or recklessness, or that a defendant consciously disregarded plaintiff's rights or engaged in conduct so reckless as to amount to such disregard, then you should find that Mr. Luo is entitled to punitive damages against that defendant.

## III.    Final Instructions

### A.         Right to See and Hear Exhibits and Testimony; Communications With Court

You are now about to go into the jury room to begin your deliberations.  Before you do that, I will give you a few final instructions.

The parties have prepared a list of the exhibits that were received, listed by exhibit number. If you want a particular exhibit, or if you want any testimony sent or read back to you, you may request that.  Any communication with the Court should be made in writing, signed by your foreperson, and given to the court security officer, whom, as in all cases, I will swear to ensure that your deliberations may take place uninterrupted.

Please remember that it is not always easy to locate what you might want, so be as specific

as you possibly can.  If you want testimony read back to you, please try to be as specific as you possibly can because the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of the instructions that I have given you during this trial, you should not hesitate to send me a note asking for clarification or for a further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me—to request testimony, or to request clarification on the law—you should send a note to me, in writing, signed by your foreperson, and given to one of the court security officers or to my deputy, Mr. Fishman.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with a member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the Court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

### B.    Notes

Many of you have taken notes periodically throughout this trial.  You should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollection and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### C.    Duty to Deliberate / Unanimous Verdict

You will now retire to decide the questions I have described to you.  For the Plaintiff to prevail on the questions that you must answer, she must sustain her burden of proof.  Your verdict on each question must be unanimous.  Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation. It is your duty to discuss the evidence.  If you have a point of view and after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is really one that satisfies your judgment and conscience.  You are not to give up a point of view, however, that you conscientiously believe in simply because you are outnumbered or outweighed.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.  You are not to discuss the case until all jurors are present. Four or five jurors together is only a gathering of individuals.  Only when all the jurors are present do you constitute a jury, and only then may you deliberate.

### D.    Selecting a Foreperson and the Foreperson's Duties

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the court security officer that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

### E.    Verdict Form and Return of Verdict

Once you have made your verdict, you will record your decisions in a verdict form which I have prepared for you.  You should also proceed through the questions in the order in which they are listed, following the instructions on that form.

Once you have completed the form, the foreperson should then fill in the verdict sheet and date it, and each of you should sign it.  The foreperson should then give a note to the court security officer outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  I will stress that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

### F.    Oath

I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  Your oath sums up your duty.  I know that you will do your duty and reach a just and true verdict.

### G.    Exceptions

I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have given to you or if there is anything I may not have covered.  In this regard, I ask you not to discuss the case while seated in the box because the

case has not yet been formally submitted to you.

*     *     *

Members of the jury, that concludes my instructions to you.  You may now retire to the jury room and begin this phase of your deliberations.  As a first matter of business, please select a foreperson and send me a note, signed, dated, and timed, through the court security officer or my deputy, Mr. Fishman, telling me whom you have elected as your foreperson.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
SHIXUAN LUO,                                                           :
:
                                        Plaintiff,                    :
:                              23-cv-5878 (LJL)
                -v-                                                    :
:                              VERDICT FORM
AIK RENOVATION INC., STEVE NEJASMIC, and                              :
MICHAEL RENOSIS,                                                      :
:
                                        Defendants.                   :
:
-----------------------------------------------------------------------X

## JURY VERDICT

Please indicate each of your verdicts with a check mark (✓)

**I.    Plaintiff's Wrongful Termination Claims**

<u>Title VII</u>

    1.  Has Mr. Luo proven, by a preponderance of the evidence, that race or national origin was a motivating factor in AIK Renovation's decision to fire him?

                YES: _____          NO: _____

If you answered YES to Question 1, proceed to Part II and do not answer Questions 2 or 3.  If you answered NO to Question 1, proceed to Questions 2 and 3.

<u>New York State and New York City Human Rights Law</u>

    2.  Has Mr. Luo proven, by a preponderance of the evidence, that AIK Renovation and Steve Nejasmic treated him less well because of his race or national origin by terminating his employment?

                YES: _____          NO: _____

    3.  [IF APPLICABLE Has Mr. Luo proven, by a preponderance of the evidence, that Michael Resnosis treated him less well because of his race or national origin by terminating his employment?

                YES: _____          NO: _____]

**II.    Plaintiff's Additional Discrimination Claims**

New York State Human Rights Law

4. Excluding the termination of his employment, has Mr. Luo proven, by a preponderance of the evidence, that AIK Renovation treated him less well because of his race or national origin during his employment?

   YES: _____          NO: _____

New York City Human Rights Law

5. Excluding the termination of his employment, has Mr. Luo proven, by a preponderance of the evidence, that Steve Nejasmic treated him less well because of his race or national origin during his employment?

   YES: _____          NO: _____

6. Excluding the termination of his employment, has Mr. Luo proven, by a preponderance of the evidence, that Michael Renosis treated him less well because of his race or national origin during his employment?

   YES: _____          NO: _____

7. Excluding the termination of his employment, has Mr. Luo proven, by a preponderance of the evidence, that AIK Renovation treated him less well because of his race or national origin during his employment?

   YES: _____          NO: _____

FLSA and NYLL Claims

8. During Mr. Luo's employment at AIK Renovation between July 4, 2022 and July 8, 2022, was Mr. Luo ever not paid the minimum wage that he was due?

   YES: _____          NO: _____

If you answered YES to any of questions 1-8, continue on to questions 9-12.  If you answered NO to all questions 1-8, continue to the last page and sign the verdict form.

III.    **Damages**

9.  If you answered YES to Questions 1, 2, or 3, what amount of compensatory damages should Mr. Luo be awarded for his unlawful termination?

    Compensatory Damages: $_____

10. If you answered YES to Questions 5, 6, or 7, what amount of compensatory damages should Mr. Luo be awarded for being treated less well because of his race or national origin during his employment, excluding the termination of his employment:

    a.  From Steve Nejasmic?

        Compensatory Damages: $_____

    b.  From Michael Renosis?

        Compensatory Damages: $_____

    c.  From AIK Renovation?

        Compensatory Damages: $_____

11. If you answered YES to Question 8, what amount of compensatory damages should Mr. Luo be awarded for AIK Renovation's failure to pay him the minimum wage that he was due between July 4, 2022 and July 8, 2022?

    Compensatory Damages: $_____

12. If you answered YES to Questions 1, 2, 3, 4, 5, 6, or 7, has Mr. Luo proven, by a preponderance of the evidence, that he is entitled to punitive damages for being treated less well because of his race or national origin:

    a.  From Steve Nejasmic?

        YES: _____        NO: _____

    b.  From Michael Renosis?

        YES: _____        NO:_____

    c.  From AIK Renovation?

        YES: _____        NO: _____

_____          _____
                Foreperson                              Date

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____